Kevin D. Chaffin, Esq. SBN 193245
CHAFFIN LAW OFFICE
4475 Dupont Court Suite 9
Ventura, California 93003
Phone: (805) 650-8200
Fax: (805) 715-7003
Web: www.chaffinlaw.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE AMMUNITION INC., dba www.stateammo.com. JIM OTTEN, dba www.a1ammo.com, and JIM RUSSELL USMC (Ret.), <br><br> Plaintiffs, <br><br> vs. <br><br> STEVEN LINDLEY, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms, and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs allege as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiffs' claims arising under the United States Constitution, 42 U.S.C. §1983, 28 U.S.C. §§1331, and 1343(a)(3).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). A substantial part of the events giving rise to the claim occurred in this district and Defendant is located in this district.

3. The relief requested by Plaintiffs is authorized pursuant to 28 U.S.C. § 1651 (All Writs Act), § 2201 (Declaratory Judgment Act) and § 2202 (Further Relief). Absent relief from this Court,

Plaintiffs will suffer irreparable harm.

## NATURE OF THE ACTION

4. This is a civil action for declaratory and injunctive relief to determine (1) whether California's Anti-Gang Neighborhood Protection Act of 2009, California Assembly Bill 962 (hereinafter referred to as "AB962") ban on handgun ammunition purchases other than in "face to face" transactions is invalid under the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, because it is a de facto ban on interstate commerce; (2) whether the impossibility of compliance and the irrational and vague terms of AB962 violate Due Process and Equal Protection rights as provided by Fourteenth Amendment to the United States Constitution; and (3) whether the unreasonable infringement of the right to keep and bear Arms is a violation of the Second Amendment of the United States Constitution.

## PARTIES

5. Plaintiff STATE AMMUNITION INC. is a California Corporation, dba stateammo.com (hereinafter referred to as "STATEAMMO.COM"), with an online retail ammunition store which advertises and sells ammunition to individuals throughout the United States. STATEAMMO.COM holds Federal Firearms Licenses for the manufacture of ammunition, import of ammunition, and sale of firearms. Likewise, STATEAMMO.COM is licensed to sell firearms by the State of California, and appears on the Centralized List of Firearms Dealers maintained by the California Department of Justice. As a result of AB962, like other California ammunition manufacturers and sellers, STATEAMMO.COM will suffer a loss of business income, good will and other tangible and intangible benefits as a result of AB962.

6. Plaintiff JIM OTTEN is an individual residing in the state of Minnesota, dba www.a1ammo.com, with an online retail ammunition store which advertises and sells ammunition to individuals throughout the United States, including individuals residing in the State of California. As a result of AB962, he will suffer a loss of business income, good will and other tangible and intangible benefits as a result of AB962.

7. Plaintiff JIM RUSSELL (USMC Ret.) is an individual residing in the State of California. Major RUSSELL is a disabled veteran who honorably served his country as an officer in the United States

Marine Corps. He is actively involved in the Paralyzed Veterans Association of America as Director of Shooting Sports. He purchases handgun ammunition through the internet from sources located outside the State of California. Major RUSSELL uses this ammunition in his work with other disabled Paralyzed Veterans of America in their shooting sports activities. As a result of AB962, Major RUSSELL will be unable to purchase handgun ammunition through the internet. As a disabled veteran, it is difficult for Major RUSSELL to travel in person to retail sales locations. In addition to the physical difficulty of traveling to purchase ammunition, the lack of stock, lack of selection, and higher prices are all factors which make face-to-face ammunition purchasing prohibitive.

8. Defendant STEVEN LINDLEY, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms, (hereinafter referred to as the "CADOJBOF") is the individual currently charged with oversight of the California State agency that will enforce the statute at issue. The Acting Chief's office is located in Sacramento, California. The Acting Chief is the director of the agency that is enforcing AB962 and promulgating related regulations.

9. At present, Plaintiffs do not have sufficient information and belief to identify the names and capacities, whether individual, corporate, associate or otherwise, of the Defendants identified in this Complaint by the fictitious name "DOE." Upon discovery of the true names and capacities of these presently unknown DOE Defendants, Plaintiffs will seek leave to amend her complaint. Plaintiffs allege on information and belief that each fictitiously named DOE Defendant is in some manner, presently unknown, responsible for the events and happenings herein set forth.

**STATUTORY AND FACTUAL BACKGROUND**

10. AB962 amended the California Penal Code in several manners, all of which are unconstitutional.(See Cal. Penal Code §§12060, 12061(a), 12316(a)(b)(c)(d), 12317(a)(b)(c), 12318(a)(b)(c).)

11. California Penal Code section 12060(b) defines "handgun ammunition" as being defined by California Penal Code section 12323(a) which states: ""*Handgun ammunition" means ammunition principally for use in pistols, revolvers, and other firearms capable of being concealed upon the person, as defined in subdivision (a) of Section 12001, notwithstanding that the ammunition may also be used in some rifles."* This definition is impermissibly vague, and by failing to specifically define "handgun

ammunition," it forces individuals and businesses to guess what is meant by "handgun ammunition." As a result, people engaging in constitutionally protected activity (interstate commerce), selling and buying constitutionally protected products (firearms and ammunition), are placed in the precarious position of not knowing whether or not the legal product they are buying is considered by someone somewhere buried deep in the bureaucracy of the State of California to be "handgun" ammunition or "rifle" ammunition.

12. The definition of "handgun ammunition" violates the Commerce Clause as well as the Equal Protection and Due Process Clauses of the United States Constitution. As a result, the entirety of AB962 must be overturned by the Court.

13. California Penal Code section 12061(a)(1) states: *"(1) A vendor shall not permit any employee who the vendor knows or reasonably should know is a person described in Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code to handle, sell, or deliver handgun ammunition in the course and scope of his or her employment*." Unlike firearms vendors, ammunition vendors are not required to possess a Federal Firearms License, nor are they required to obtain California Certificates of Eligibility or be placed on the Centralized List of Firearms Dealers maintained by the CADOJBOF. As a result of AB962, numerous ammunition vendors through California and the United States will now be placed in the position of having to guess as to whether or not they are even required to comply with this provision, on top of having to guess as to what is or is not considered "handgun ammunition."

14. Likewise, these vendors are in no position to know whether or not employees are prohibited, since they are not authorized by law to conduct criminal background checks. Further, some criminal records in the State of California are sealed and private, not accessible to the public, and thus there is no way to know what is or is not considered reasonably discoverable information. For example, some known sex offenders may be listed on the Megan's Law database maintained by the State of California. Under the terms of AB962, one might argue that ammunition vendors are required to check the Megan's Law database for each employee.

15. Placing individuals and businesses in the position of having to guess whether or not their actions or inactions are criminal conduct, with no reasonable way to know for sure, is an unconstitutional violation of equal protection and due process protections. This provision therefore violates the Commerce

Clause as well as the Equal Protection and Due Process Clauses of the United States Constitution. As a result, the entirety of AB962 must be overturned by the Court.

16. California Penal Code section 12316 (a) provides, in pertinent part:

> (1) Any person, corporation, or dealer who does any of the following shall be punished by imprisonment in a county jail for a term not to exceed six months, or by a fine not to exceed one thousand dollars ($1,000), or by both the imprisonment and fine:
>
> (A) Sells any ammunition or reloaded ammunition to a person under 18 years of age.
>
> (B) Sells any ammunition or reloaded ammunition designed and intended for use in a handgun to a person under 21 years of age. As used in this subparagraph, "ammunition" means handgun ammunition as defined in subdivision (a) of Section 12323. Where ammunition or reloaded ammunition may be used in both a rifle and a handgun, it may be sold to a person who is at least 18 years of age, but less than 21 years of age, <u>*if the vendor reasonably believes that the ammunition is being acquired for use in a rifle and not a handgun*</u>.
> (emphasis added).

17. Penal Code section 12323(a) defines handgun ammunition as that "principally for use" in pistols, revolvers or concealable firearms. Penal Code section 12316(a) criminalizes the sale of ammunition that "may be used in both a rifle and a handgun" unless the vendor "*reasonably believes that the ammunition is being acquired for use in a rifle and not a handgun*." (emphasis added.)

18. AB962 places vendors in the untenable position of (a) having to know what type of weapon ammunition is "principally" used in, and (b) having to know the subjective intended use by a purchaser. It is indisputable fact that a large portion of popular ammunition calibers on the market are designed for use in both rifles and handguns. From the most basic .22 long rifle caliber of ammunition, which is used equally in pistols and rifles in many parts of the country, to standard .38 special, .357 magnum, and similar calibers, which can be used in handguns or rifles, the end result of AB962 is that vendors are required to guess what is or is not considered handgun ammunition, then after that guess is made, they are required to somehow determine the subjective intent of an ammunition purchaser. This provision therefore violates the Commerce Clause as well as the Equal Protection and Due Process Clauses of the United States Constitution. As a result, the entirety of AB962 must be overturned by the Court.

19. California Penal Code section 12316(b) provides yet another and different definition of ammunition. It states:

> (1) No person prohibited from owning or possessing a firearm under Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code shall own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition.
>
> (2) For purposes of this subdivision, <u>*"ammunition" shall include, but not be limited to, any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with a deadly consequence.*</u> "Ammunition" does not include blanks.
>
> (3) A violation of paragraph (1) of this subdivision is punishable by imprisonment in a county jail not to exceed one year or in the state prison, by a fine not to exceed one thousand dollars ($1,000), or by both the fine and imprisonment.
>
> (4) A person who is not prohibited by paragraph (1) from owning, possessing, or having under his or her custody or control, any ammunition or reloaded ammunition, but who is enjoined from engaging in activity pursuant to an injunction issued pursuant to Section 3479 of the Civil Code against that person as a member of a criminal street gang, as defined in Section 186.22, may not own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition.
>
> (5) A violation of paragraph (4) of this subdivision is a misdemeanor.

20. First, this section criminalizes the possession of not just ammunition, but also bullets (inert pieces of metal), cartridges (inert pieces of brass), magazines, clips, speed loaders, autoloaders and projectiles capable of being fired from a firearm. Since all of these products are legal, and sold both in retail stores and online/mail-order throughout the United States, purchasers and vendors will now face the certain result that businesses will simply stop selling these items to anyone in California.

21. As stated above, there is no reasonable method available by which a vendor could know whether or not someone is prohibited from owning a firearm, since background checks are not authorized by law nor required by law for ammunition purchases. Instead, vendors will be left to simply guess as to whether or not customers are prohibited. This provision therefore violates the Commerce Clause as well as the Equal Protection and Due Process Clauses of the United States Constitution. As a result, the entirety of AB962 must be overturned by the Court.

22. Second, Penal Code section 12316(b)(4), which provided that members of criminal street gangs may not possess ammunition, is unconstitutional on several grounds as well. Criminal records in

California are not public information. Membership in criminal street gangs, and civil injunctions against them, is likewise information totally outside the reach and knowledge of ammunition vendors.

23. California Penal Code section 12316(b) provides for multiple and inherently confusing and overreaching definitions of "ammunition." Likewise, it imposes a criminal penalty for selling legal products to persons legal entitled to purchase them, meanwhile ignoring the fact that criminal records and gang membership/civil injunction terms are wholly outside the knowledge of ammunition vendors. This provision therefore violates the Commerce Clause as well as the Equal Protection and Due Process Clauses of the United States Constitution. As a result, the entirety of the unconstitutionally vague AB962 must be overturned.

24. California Penal Code section 12317(a) provides: "Any person, corporation, or firm who supplies, delivers, sells, or gives possession or control of, any ammunition to any person who he or she knows or using reasonable care should know is prohibited from owning, possessing, or having under his or her custody or control, any ammunition or reloaded ammunition pursuant to paragraph (1) or (4) of subdivision (b) of Section 12316, is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year, or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment." This provision therefore violates the Commerce Clause as well as the Equal Protection and Due Process Clauses of the United States Constitution. As a result, the entirety of AB962 must be overturned.

25. California Penal Code section 12318(a) provides: "Commencing February 1, 2011, the delivery or transfer of ownership of handgun ammunition may only occur in a face-to-face transaction with the deliverer or transferor being provided bona fide evidence of identity from the purchaser or other transferee. A violation of this section is a misdemeanor." This provision criminalizes interstate commerce, and the purchase of arms/ammunition, which is a fundamental and constitutionally protected right. The provisions of AB962 violate not only the Constitution of the United States at set forth above, but also the provisions of California's own Constitution. The Constitution of the State of California provides, in pertinent part, as follows:

> "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

>(Cal. Const. Art. 1 § 1.)
>
>(a) A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws;
>(Cal. Const. Art. 1 §7(a).)
>
>The State of California is an inseparable part of the United States of America, and the United States Constitution is the supreme law of the land.
>(Cal. Const. Art. 3 §1.)

26. California Penal Code section 12318(c)(5) states that the face-to-face sales requirement does not apply to: *"(5) Persons whose licensed premises are outside this state who are licensed as dealers or collectors of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.*" AB962 thus creates a protected category solely defined by state of residence. AB962 seeks to criminalize legal conduct (the purchase/sale of ammunition) not only inside California, but outside as well. AB962 thus purports to ban interstate commerce, which is a direct violation of the Constitution of the United States of America which states the United States "*Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; . . .*" (U.S. Const. art. I, sect. 8, cl. 3.) By specifically exempting one category of out-of-state persons, AB962 purports to ban sales by California based ammunition manufacturers and vendors to purchases who live outside the State of California. Such an infringement on interstate commerce is a violation of the Commerce Clause. The AB962 ban on out-of-state ammunition sales must be overturned. AB962 creates a *prima facie* case of violation of the commerce clause as its prohibition against out-of-state vendors favors in-state vendors.

**COUNT ONE:     AB962 IMPROPERLY REGULATES, DISCRIMINATES AGAINST, AND UNDULY BURDENS INTERSTATE COMMERCE**
**(U.S. Const. Art. I, sec. 8, cl. 3)**

27. Plaintiffs incorporate paragraphs 1 through 26 above as though fully set forth herein.

28. The Commerce Clause of the U.S. Constitution provides that "Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes; . . ." U.S. Const. art. I, sect. 8, cl. 3.

29. The Commerce Clause prohibits state laws and regulations that, inter alia, (i) discriminate against interstate commerce; (ii) regulate extraterritorial commerce; or (iii) unduly burden interstate and extraterritorial commerce.

30. AB962 explicitly and unconstitutionally discriminates against ammunition sellers and purchasers located outside the State of California by banning handgun ammunition sales other than those occurring in "face to face transactions," thus criminalizing their sale of a legal and constitutionally protected product (arms) to individuals residing in the State of California. Likewise, AB962 discriminates against citizens of the United States of America who live outside the State of California, as a "face to face" handgun ammunition purchase prohibition is a de facto ban on interstate commerce.

31. AB962 explicitly and unconstitutionally prohibits California ammunition businesses from selling handgun ammunition except in a "face to face" transaction, which is a de facto ban on interstate commerce. AB962 criminalizes a constitutionally protected activity (interstate commerce) and prohibits the sale of a constitutionally protected product (arms), by preventing residents of California from buying ammunition from out-of-state sellers via online or mail-order purchasers, and further prevents ammunition manufacturers and sellers in California from selling ammunition online or by mail-order to purchasers outside the State of California.

32. AB962 unconstitutionally interferes with and regulates the channels of interstate commerce, and the use of the channels of interstate commerce, by subjecting out-of-state ammunition sellers to a "face to face" transaction requirement, which on its own face, is an explicit ban on interstate commerce. Likewise, residents of California will now be unable to purchase ammunition from out-of-state sellers, and will be forced to personally travel to some location to buy ammunition in person, subject to lack of stock, lack of product availability, and inflated prices resulting from the new monopoly.

33. In addition to a ban on handgun ammunition sales in all but "face to face" transactions, AB962 includes an irrational, preempted definition of "ammunition" so expansive that out-of-state vendors will be unable to determine what is or isn't legal and what actions are or are not criminal. As a result, out-of-state vendors will simply refuse to sell or ship to California residents. Likewise, the criminalization of the sale of ammunition to an ever-expanding impossible-to-ascertain list of prohibited purchasers will cumulatively interfere with and regulate channels of interstate commerce.

34. In actuality and in practical effect, AB962 regulates conduct and commerce occurring wholly outside the State of California.

35. All Plaintiffs in this action are injured by AB962.

- 9 –
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [28 U.S.C. §§ 1331, 1343]

36. The portions of AB962 that violate the Commerce Clause are not severable from the balance of the AB962 regulation. The burdens imposed by AB962 are clearly excessive in relation to any purported benefit.

**COUNT TWO: AB962 VIOLATES THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION (U.S. Const. Amend. XIV; U.S.C. § 1983)**

37. Plaintiffs incorporate paragraphs 1 through 36 above as though fully set forth herein.

38. The Equal Protection and Due Process clauses provide "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, sec. 1.

39. AB962 criminalizes two types of constitutionally protected conduct; engaging in interstate commerce and buying ammunition which is an inseparable and indistinguishable part of the Second Amendment right to keep and bear arms. AB962 discriminates on its face in that ammunition manufacturers and sellers located in California are prohibited from selling ammunition to residents of the other 49 states in the Union, while out-of-state ammunition manufacturers and sellers are only prohibited from selling ammunition to individuals residing in California. Such an illogical, irrational and blatantly discriminatory law deprives all Plaintiffs of their rights, privileges, and or immunities secured by the Fourteenth Amendment of the Constitution of the United States.

40. AB962 further violates the Equal Protection and Due Process Clauses of the United States Constitution through its failure to define "ammunition vendor." AB962 purports to exempt "ammunition vendors" from its "face to face" purchase ban. (Cal. Penal Code §12061(a)(7)(2).) Section 12060(c) states: *"(c) "Handgun ammunition vendor" or "vendor" means any person, firm, corporation, dealer, or any other business enterprise that is engaged in the retail sale of any handgun ammunition, or that holds itself out as engaged in the business of selling any handgun ammunition.*" (Cal. Penal Code § 12060(c).) However, there is no provision in federal or California law by which any entity is officially licensed or recognized as an "ammunition vendor." As such, ammunition manufacturers, distributors, wholesalers,

and retailers outside California have no legitimate way to verify if an intended recipient is in fact an "ammunition vendor." This will result in a flat refusal to send these legal and constitutionally protected products to California in general, and thus denies both the sellers and users of a fundamental freedom and property right in violation of the Equal Protection and Due Process clauses of the U.S. Constitution.

41. AB962 explicitly discriminates against citizens of the United States of America based on where they live by banning all handgun ammunition sales except those that occur in "face to face" transactions. Likewise, AB962 prohibits California ammunition manufacturers and sellers from engaging in the basic and fundamental freedoms of engaging in commerce and keeping and bearing arms.

42. Each Plaintiff is harmed by AB962. STATEAMMO.COM will be unable to sell ammunition to purchases in 49 other states, resulting in an immediate and devastating loss of income, business growth, goodwill, and customers. A1AMMO.COM will be unable to sell ammunition to purchasers in California, resulting in the loss of business, goodwill, income, and existing customers. Each Plaintiff is harmed by AB962. Each will suffer irreparable harm if the Court does not enforce the provisions of the United States Constitution and use its power to strike down AB962.

43. The provisions of AB962 subject ammunition purchases and vendors to disparate treatment without meeting the requirements of strict scrutiny. AB962 further discriminates against individuals on the basis of whether or not they are employees of the government, exempting "Authorized law enforcement representatives of cities, counties, cities and counties, or state and federal governments for exclusive use by those government agencies" and "peace officers" from its provisions. The Second Amendment to the United States Constitution expresses fundamental and individual rights that cannot be reserved only to government employees. These rights are guaranteed to every citizen. To denying these rights to all but government employees, AB962 violates the Second Amendment. This disparate treatment is a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

44. AB962 seeks to further harm the businesses in California engaged in the manufacture or sale of ammunition, and seeks to raise the prices which ammunition purchasers in California must pay for their desired product. This is an irrational and arbitrary denial of substantial property rights, and a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**COUNT THREE:   AB962 VIOLATES THE SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS AS PROVIDED BY THE UNITED STATES CONSTITUTION**
**(U.S. Const. Amend. II; U.S.C. § 1983)**

45.   Plaintiffs incorporate paragraphs 1 through 44 above as though fully set forth herein.

46.   The Second Amendment to the United States Constitution provides that: "...the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

47.   The Second Amendment right to keep and bear Arms is a right belonging to each Plaintiff in this case. The Second Amendment right to keep and bear Arms is a right that has been incorporated against the States of the United States of America. The Second Amendment right to keep and bear arms protects each Plaintiffs rights to firearms and ammunition. AB962 violates and infringes upon each Plaintiff's Second Amendment rights as set forth above.

48.   The provisions of AB962 do not and can not survive the strict scrutiny analysis which the Courts must apply to laws which infringe upon individual and fundamental rights such as the right to keep and bear Arms.

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

i.   As to each Count, a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, that AB962 violates U.S. and California law in the manner alleged above, and thus is invalid and unconstitutional.

ii.   As to each Count, preliminary and permanent injunctions, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining defendant and his agents, employees, delegates, and those acting in concert with him from implementing or enforcing the provisions of AB962 as identified above.

iii.   Such other relief available under federal law that may be considered appropriate under the circumstances, including other fees, attorney's fees and costs of this action to the extent allowed by federal law (including but not limited to 42 U.S.C. § 1988), and further relief as this Court deems just and proper.

DATED: July 16, 2010                    **CHAFFIN LAW OFFICE**

                                        */s/ KDChaffin*

                                        Kevin D. Chaffin, Esq.
                                        Attorney for Plaintiffs