**Assembly Bill No. 962**

CHAPTER 628

An act to amend Section 12316 of, to add Sections 12317 and 12318 to, to add Article 3.5 (commencing with Section 12060) to Chapter 1 of, to add a heading for Chapter 2.6 (commencing with Section 12316) to, and to repeal the heading of Chapter 2.6 (commencing with Section 12320) of, Title 2 of Part 4 of, the Penal Code, relating to ammunition.

[Approved by Governor October 11, 2009. Filed with Secretary of State October 11, 2009.]

LEGISLATIVE COUNSEL'S DIGEST

AB 962, De Leon. Ammunition.

Existing law generally regulates the sale of ammunition.

The bill would provide that no handgun ammunition vendor, as defined, shall sell, offer for sale, or display for sale, any handgun ammunition in a manner that allows that ammunition to be accessible to a purchaser without the assistance of the vendor or employee thereof.

Existing law generally regulates what information is required to be obtained in connection with the transfer of ammunition.

This bill would, subject to exceptions, commencing February 1, 2011, require handgun ammunition vendors to obtain a thumbprint and other information from ammunition purchasers, as specified. A violation of these provisions would be a misdemeanor.

This bill would provide that a person enjoined from engaging in activity associated with a criminal street gang, as specified, would be prohibited from having under his or her possession, custody, or control, any ammunition. Violation of these provisions would be a misdemeanor.

The bill would prohibit supplying or delivering, as specified, handgun ammunition to prohibited persons, as described, by persons or others who know, or by using reasonable care should know, that the recipient is a person prohibited from possessing ammunition or a minor prohibited from possessing ammunition, as specified. Violation of these provisions is a misdemeanor with specified penalties.

The bill would provide, subject to exceptions, that commencing February 1, 2011, the delivery or transfer of ownership of handgun ammunition may only occur in a face-to-face transaction, with the deliverer or transferor being provided bona fide evidence of identity of the purchaser or other transferee. A violation of these provisions would be a misdemeanor.

By creating new crimes, this bill would impose a state-mandated local program.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that no reimbursement is required by this act for a specified reason.

*The people of the State of California do enact as follows:*

SECTION 1. This act shall be known, and may be cited, as the Anti-Gang Neighborhood Protection Act of 2009.

SEC. 2. Article 3.5 (commencing with Section 12060) is added to Chapter 1 of Title 2 of Part 4 of the Penal Code, to read:

Article 3.5. Handgun Ammunition Vendors

12060. As used in this article, the following terms apply:

(a) "Department" means the Department of Justice.

(b) "Handgun ammunition" means handgun ammunition as defined in subdivision (a) of Section 12323, but excluding ammunition designed and intended to be used in an "antique firearm" as defined in Section 921(a)(16) of Title 18 of the United States Code. Handgun ammunition does not include blanks.

(c) "Handgun ammunition vendor" or "vendor" means any person, firm, corporation, dealer, or any other business enterprise that is engaged in the retail sale of any handgun ammunition, or that holds itself out as engaged in the business of selling any handgun ammunition.

12061. (a) A vendor shall comply with all of the following conditions, requirements and prohibitions:

(1) A vendor shall not permit any employee who the vendor knows or reasonably should know is a person described in Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code to handle, sell, or deliver handgun ammunition in the course and scope of his or her employment.

(2) A vendor shall not sell or otherwise transfer ownership of, offer for sale or otherwise offer to transfer ownership of, or display for sale or display for transfer of ownership of any handgun ammunition in a manner that allows that ammunition to be accessible to a purchaser or transferee without the assistance of the vendor or employee thereof.

(3) Commencing February 1, 2011, a vendor shall not sell or otherwise transfer ownership of any handgun ammunition without, at the time of delivery, legibly recording the following information:

(A) The date of the sale or other transaction.

(B) The purchaser's or transferee's driver's license or other identification number and the state in which it was issued.

(C) The brand, type, and amount of ammunition sold or otherwise transferred.

(D) The purchaser's or transferee's signature.

(E) The name of the salesperson who processed the sale or other transaction.

(F) The right thumbprint of the purchaser or transferee on the above form.

(G) The purchaser's or transferee's full residential address and telephone number.

(H) The purchaser's or transferee's date of birth.

(4) Commencing February 1, 2011, the records required by this section shall be maintained on the premises of the vendor for a period of not less than five years from the date of the recorded transfer.

(5) Commencing February 1, 2011, the records referred to in paragraph (3) shall be subject to inspection at any time during normal business hours by any peace officer employed by a sheriff, city police department, or district attorney as provided in subdivision (a) of Section 830.1, or employed by the department as provided in subdivision (b) of Section 830.1, provided the officer is conducting an investigation where access to those records is or may be relevant to that investigation, is seeking information about persons prohibited from owning a firearm or ammunition, or is engaged in ensuring compliance with the Dangerous Weapons Control Law (Chapter 1 (commencing with Section 12000) of Title 2 of Part 4), or any other laws pertaining to firearms or ammunition. The records shall also be subject to inspection at any time during normal business hours by any other employee of the department, provided that employee is conducting an investigation where access to those records is or may be relevant to that investigation, is seeking information about persons prohibited from owning a firearm or ammunition, or is engaged in ensuring compliance with the Dangerous Weapons Control Law (Chapter 1 (commencing with Section 12000) of Title 2 of Part 4), or any other laws pertaining to firearms or ammunition.

(6) Commencing February 1, 2011, the vendor shall not knowingly make a false entry in, fail to make a required entry in, fail to obtain the required thumbprint, or otherwise fail to maintain in the required manner records prepared in accordance with paragraph (2). If the right thumbprint is not available, then the vendor shall have the purchaser or transferee use his or her left thumb, or any available finger, and shall so indicate on the form. If the purchaser or transferee is physically unable to provide a thumbprint or fingerprint, the vendor shall so indicate on the form.

(7) Commencing February 1, 2011, no vendor shall refuse to permit a person authorized under paragraph (5) to examine any record prepared in accordance with this section during any inspection conducted pursuant to this section, or refuse to permit the use of any record or information by those persons.

(b) Paragraph (3) of subdivision (a) shall not apply to or affect sales or other transfers of ownership of handgun ammunition by handgun ammunition vendors to any of the following, if properly identified:

(1) A person licensed pursuant to Section 12071.

(2) A handgun ammunition vendor.

(3) A person who is on the centralized list maintained by the department pursuant to Section 12083.

(4) A target facility which holds a business or regulatory license.

(5) Gunsmiths.

(6) Wholesalers.

(7) Manufacturers or importers of firearms licensed pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code, and the regulations issued pursuant thereto.

(8) Sales or other transfers of ownership made to authorized law enforcement representatives of cities, counties, cities and counties, or state or federal governments for exclusive use by those government agencies if, prior to the delivery, transfer, or sale of handgun ammunition, written authorization from the head of the agency authorizing the transaction is presented to the person from whom the purchase, delivery, or transfer is being made. Proper written authorization is defined as verifiable written certification from the head of the agency by which the purchaser, transferee, or person otherwise acquiring ownership is employed, identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency by which he or she is employed.

(c) (1) A violation of paragraph (3), (4), (6), or (7) of subdivision (a) is a misdemeanor.

(2) The provisions of this subdivision are cumulative, and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by different provisions of law shall not be punished under more than one provision.

SEC. 3. A heading for Chapter 2.6 of Title 2 of Part 4 is added to the Penal Code, immediately preceding Section 12316, to read:

## Chapter 2.6. Ammunition

SEC. 5. Section 12316 of the Penal Code is amended to read:

12316. (a) (1) Any person, corporation, or dealer who does any of the following shall be punished by imprisonment in a county jail for a term not to exceed six months, or by a fine not to exceed one thousand dollars ($1,000), or by both the imprisonment and fine:

(A) Sells any ammunition or reloaded ammunition to a person under 18 years of age.

(B) Sells any ammunition or reloaded ammunition designed and intended for use in a handgun to a person under 21 years of age. As used in this subparagraph, "ammunition" means handgun ammunition as defined in subdivision (a) of Section 12323. Where ammunition or reloaded ammunition may be used in both a rifle and a handgun, it may be sold to a person who is at least 18 years of age, but less than 21 years of age, if the vendor reasonably believes that the ammunition is being acquired for use in a rifle and not a handgun.

(C) Supplies, delivers, or gives possession of any ammunition to any minor who he or she knows, or using reasonable care should know, is prohibited from possessing that ammunition at that time pursuant to Section 12101.

(2) Proof that a person, corporation, or dealer, or his or her agent or employee, demanded, was shown, and acted in reasonable reliance upon, bona fide evidence of majority and identity shall be a defense to any criminal prosecution under this subdivision. As used in this subdivision, "bona fide evidence of majority and identity" means a document issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, California state identification card, identification card issued to a member of the Armed Forces, or other form of identification that bears the name, date of birth, description, and picture of the person.

(b) (1) No person prohibited from owning or possessing a firearm under Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code shall own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition.

(2) For purposes of this subdivision, "ammunition" shall include, but not be limited to, any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with a deadly consequence. "Ammunition" does not include blanks.

(3) A violation of paragraph (1) of this subdivision is punishable by imprisonment in a county jail not to exceed one year or in the state prison, by a fine not to exceed one thousand dollars ($1,000), or by both the fine and imprisonment.

(4) A person who is not prohibited by paragraph (1) from owning, possessing, or having under his or her custody or control, any ammunition or reloaded ammunition, but who is enjoined from engaging in activity pursuant to an injunction issued pursuant to Section 3479 of the Civil Code against that person as a member of a criminal street gang, as defined in Section 186.22, may not own, possess, or have under his or her custody or control, any ammunition or reloaded ammunition.

(5) A violation of paragraph (4) of this subdivision is a misdemeanor.

(c) Unless it is with the written permission of the school district superintendent, his or her designee, or equivalent school authority, no person shall carry ammunition or reloaded ammunition onto school grounds, except sworn law enforcement officers acting within the scope of their duties or persons exempted under subparagraph (A) of paragraph (1) of subdivision (a) of Section 12027. This subdivision shall not apply to a duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, a full-time paid peace officer of another state or the federal government who is carrying out official duties while in California, any person summoned by any of these officers to assist in making an arrest or preserving the peace while he or she is actually engaged in assisting the officer, a member of the military forces of this state or of the United States who is engaged in the performance of his or her duties, a person holding a

valid license to carry the firearm pursuant to Article 3 (commencing with Section 12050) of Chapter 1 of Title 2 of Part 4, or an armored vehicle guard, who is engaged in the performance of his or her duties, as defined in subdivision (e) of Section 7521 of the Business and Professions Code. A violation of this subdivision is punishable by imprisonment in a county jail for a term not to exceed six months, a fine not to exceed one thousand dollars ($1,000), or both the imprisonment and fine.

(d) (1) A violation of paragraph (1) or (4) of subdivision (b) is justifiable where all of the following conditions are met:

(A) The person found the ammunition or reloaded ammunition or took the ammunition or reloaded ammunition from a person who was committing a crime against him or her.

(B) The person possessed the ammunition or reloaded ammunition no longer than was necessary to deliver or transport the ammunition or reloaded ammunition to a law enforcement agency for that agency's disposition according to law.

(C) The person is prohibited from possessing any ammunition or reloaded ammunition solely because that person is prohibited from owning or possessing a firearm only by virtue of Section 12021 or ammunition or reloaded ammunition because of paragraph (4) of subdivision (b).

(2) Upon the trial for violating paragraph (1) or (4) of subdivision (b), the trier of fact shall determine whether the defendant is subject to the exemption created by this subdivision.

(3) The defendant has the burden of proving by a preponderance of the evidence that he or she is subject to the exemption provided by this subdivision.

SEC. 6. Section 12317 is added to the Penal Code, to read:

12317. (a) Any person, corporation, or firm who supplies, delivers, sells, or gives possession or control of, any ammunition to any person who he or she knows or using reasonable care should know is prohibited from owning, possessing, or having under his or her custody or control, any ammunition or reloaded ammunition pursuant to paragraph (1) or (4) of subdivision (b) of Section 12316, is guilty of a misdemeanor, punishable by imprisonment in a county jail not exceeding one year, or a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(b) The provisions of this section are cumulative and shall not be construed as restricting the application of any other law. However, an act or omission punishable in different ways by this section and another provision of law shall not be punished under more than one provision.

(c) For purposes of this section, "ammunition" shall include, but not be limited to, any bullet, cartridge, magazine, clip, speed loader, autoloader, or projectile capable of being fired from a firearm with deadly consequence. "Ammunition" does not include blanks.

SEC. 7. Section 12318 is added to the Penal Code, to read:

12318. (a) Commencing February 1, 2011, the delivery or transfer of ownership of handgun ammunition may only occur in a face-to-face

transaction with the deliverer or transferor being provided bona fide evidence of identity from the purchaser or other transferee. A violation of this section is a misdemeanor.

(b) For purposes of this section:

(1) "Bona fide evidence of identity" means a document issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, state identification card, identification card issued to a member of the Armed Forces, or other form of identification that bears the name, date of birth, description, and picture of the person.

(2) "Handgun ammunition" means handgun ammunition as defined in subdivision (a) of Section 12323, but excluding ammunition designed and intended to be used in an "antique firearm" as defined in Section 921(a)(16) of Title 18 of the United States Code. Handgun ammunition does not include blanks.

(3) "Handgun ammunition vendor" has the same meaning as set forth in Section 12060.

(c) Subdivision (a) shall not apply to or affect the deliveries, transfers, or sales of, handgun ammunition to any of the following:

(1) Authorized law enforcement representatives of cities, counties, cities and counties, or state and federal governments for exclusive use by those government agencies if, prior to the delivery, transfer, or sale of the handgun ammunition, written authorization from the head of the agency employing the purchaser or transferee, is obtained identifying the employee as an individual authorized to conduct the transaction, and authorizing the transaction for the exclusive use of the agency employing the individual.

(2) Sworn peace officers, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 who are authorized to carry a firearm in the course and scope of their duties.

(3) Importers and manufacturers of handgun ammunition or firearms licensed to engage in business pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(4) Persons who are on the centralized list maintained by the Department of Justice pursuant to Section 12083.

(5) Persons whose licensed premises are outside this state who are licensed as dealers or collectors of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto.

(6) Persons licensed as collectors of firearms pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto whose licensed premises are within this state who has a current certificate of eligibility issued to him or her by the Department of Justice pursuant to Section 12071.

(7) A handgun ammunition vendor.

(8) A consultant-evaluator, as defined in subdivision (s) of Section 12001.

SEC. 8. The heading of Chapter 2.6 (commencing with Section 12320) of Title 2 of Part 4 of the Penal Code is repealed.

SEC. 9. No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution because the only costs that may be incurred by a local agency or school district will be incurred because this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

O