1  EDMUND G. BROWN JR., State Bar No. 37100
   Attorney General of California
2  JONATHAN RENNER, State Bar No. 187138
   Senior Assistant Attorney General
3  PETER A. KRAUSE, State Bar No. 185098
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 324-5328
6    Fax:  (916) 324-8835
     E-mail:  Peter.Krause@doj.ca.gov
7  *Attorneys for Defendant Steven Lindley, in his*
   *official capacity as Acting Chief of the*
8  *California Department Of Justice*

9

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12                       SACRAMENTO DIVISION

13

14  | | |
    |---|---|
    | **STATE AMMUNITION INC., dba www.stateammo.com; JIM OTTEN, dba www.a1ammo.com, and JIM RUSSELL USMC (Ret.),** | Case No. 10-CV-01864 -MCE-KJN |
    | Plaintiffs, | **(1) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN LINDLEY'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY THE ACTION; and** |
    | **v.** | |
    | **STEVEN LINDLEY, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms, and DOES 1 through 10,** | **(2)  DECLARATION OF PETER A. KRAUSE IN SUPPORT THEREOF** |
    | Defendants. | Date:   November 18, 2010<br>Time:  2:00 p.m.<br>Ctrm:  No. 7 - 14th Floor<br>Judge: Hon. Morrison C. England, Jr.<br>Trial Date:  None<br>Action Filed: July 16, 2010 |
    | | [Notice of Motion and Request for Judicial Notice Lodged Concurrently Herewith] |

1

# TABLE OF CONTENTS

2

**Page**

3

Summary of argument ...................................................................................................... 1

4

Allegations of the complaint ............................................................................................ 1

Applicable legal standard ................................................................................................. 2

5

Argument ......................................................................................................................... 3

6

     I.       Plaintiffs have not alleged a ripe controversy. ............................................. 3

7

     II.      Steven Lindley, in his official capacity as an acting bureau chief for the California Department of Justice, is immune from suit in federal court under the Eleventh Amendment........................................................ 5

8

9

     III.     If the Court does not dismiss the complaint in its entirety, it should stay the action pending resolution of *Parker v. State of California*............. 8

Conclusion .................................................................................................................... 10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,*
5     300 U.S. 227 (1937)................................................................................................. 3

6

*Almond Hill Sch. v. U.S. Dept. of Agric.,*
7     768 F.2d 1030 (9th Cir. 1985) ............................................................................. 5

8

*Atascadero State Hosp. v. Scanlon,*
    473 U.S. 234 (1985)............................................................................................. 5

9

*CMAX, Inc. v. Hall,*
10     300 F.2d 265 (9th Cir. 1962) ............................................................................. 8

11

*Ex Parte Young,*
12     209 U.S. 123 (1908)................................................................................... 5, 6, 7

13

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1944)............................................................................................. 2
14

15

*L.A. County Bar Ass'n v. Eu,*
    979 F.2d 697 (9th Cir. 1992) ............................................................................. 6

16

*Landis v. N. Am. Co.,*
17     299 U.S. 248 (1936)........................................................................................ 8, 9

18

*Lockyer v. Miran Corp.,*
19     398 F.3d 1098 (9th Cir. 2005) ........................................................................ 8, 9

20

*Long v. Van de Kamp,*
    772 F. Supp. 1141 (C.D. Cal. 1991) .............................................................. 6, 7

21

22

*Long v. Van de Kamp,*
    961 F.2d 151 (9th Cir. 1992) .......................................................................... 6, 7

23

*MedImmune, Inc. v. Genentech, Inc.,*
24     549 U.S. 118 (2007)............................................................................................. 3

25

*Papasan v. Allain,*
26     478 U.S. 265 (1986)............................................................................................. 5

27

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984)............................................................................................... 5

28

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Quern v. Jordan*,
    440 U.S. 332 (1979) ........................................................................................... 5

4

5

*S. Pac. Transp. Co. v. Brown*,
    651 F.2d 613 (9th Cir. 1981) ............................................................................ 7

6

7

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 1994) .......................................................................... 2

8

*San Diego County Gun Rights Comm'n v. Reno*,
    98 F.3d 1121 (9th Cir. 1996) ...................................................................... 4, 5

9

10

*Snoeck v. Brussa*,
    153 F.3d 984 (9th Cir. 1998) ...................................................................... 6, 7

11

12

*Thomas v. Union Carbide Agric. Prods. Co.*,
    473 U.S. 568 (1985) .................................................................................... 3, 5

13

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*,
    594 F.2d 730 (9th Cir. 1979) .......................................................................... 2

14

15

*Toilet Goods Ass'n v. Gardner*,
    387 U.S. 158 (1967) ........................................................................................ 4

16

17

*Wilbur v. Locke*,
    423 F.3d 1101 (9th Cir. 2005) ........................................................................ 5

18

19

**STATUTES**

20

28 U.S.C. § 2201(a) ............................................................................................... 3

21

Fed. R. Civ. Proc., rule 12(b)(1) .......................................................................... 2

22

**CONSTITUTIONAL PROVISIONS**

23

U.S. Const., amend XI .............................................................................. 1, 5, 6, 7

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUMMARY OF ARGUMENT**

In 2009, the Governor signed California Assembly Bill (AB) 962, the "Anti-Gang Neighborhood Protection Act," which places certain restrictions on the purchase, sale, and display of handgun ammunition.  In this action plaintiffs allege that AB 962 will, when it goes into effect in February 2011, violate the Commerce Clause, deprive them of Due Process and Equal Protection under the Fourteenth Amendment, and unreasonably infringe on their right to keep and bear arms in violation of the Second Amendment. Plaintiffs' claims should be dismissed on numerous grounds.

Federal courts are courts of limited jurisdiction.  Article III does not grant a federal court jurisdiction to consider this action because the issues presented are not ripe for review.  Until the challenged statutes take effect next year and there is a legitimate threat of enforcement, the law's application, and any harm that plaintiffs might suffer, is purely speculative.  The Court should therefore withhold its jurisdiction to issue declaratory relief.  Furthermore, although state officers may be sued in federal court under limited circumstances, this suit against Acting Chief Lindley is based solely upon his official capacity at the California Department of Justice and his generalized duty to enforce state law.  The action therefore is the equivalent of a prohibited action against the State itself; hence plaintiffs' claims are barred by the Eleventh Amendment.

Should any portion of plaintiffs' claims survive dismissal, the Court should exercise its discretion to stay the action to allow a related state court case to proceed to judgment. For the foregoing reasons, and as more fully explained below, the State respectfully requests that the Court grant this Motion.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiffs[1] allege that AB 962 violates the Commerce Clause because it discriminates against ammunition sellers and purchasers outside of California by purportedly banning

---

[1]  Plaintiffs are State Ammunition, Inc., an online retail ammunition store, Jim Otten, an individual who resides in Minnesota and operates an online retail ammunition store, and Jim Russell, a California resident who purchases ammunition through the internet from sources located outside of California.  They are referred to collectively as "Plaintiffs."

1

1    sales other than those completed in face-to-face transactions.  They argue that under AB

2    962, residents of California are prohibited from purchasing ammunition from out-of-state

3    sellers online or by mail-order, and sellers in California are prohibited from selling

4    ammunition online or by mail-order to purchasers outside of California.  (¶¶ 27-36.[2])

5          Plaintiffs also argue that AB 962 violates Due Process and Equal Protection under

6    the Fourteenth Amendment because: (1) AB 962 explicitly discriminates between

7    California and out-of-state residents; (2) the definition of "handgun ammunition" is

8    unconstitutionally vague; and (3) AB 962 is impossible to comply with.  (¶¶ 37-44.)

9          Finally, Plaintiffs allege that AB 962 generally violates the Second Amendment and

10   cannot survive the strict scrutiny analysis which they contend the courts must apply to

11   laws that infringe upon individual and fundamental rights.  (¶¶ 45-48.)

12         Plaintiffs sue defendant Steven Lindley in his official capacity as the Acting Chief of

13   the California Department of Justice's Bureau of Firearms.  (¶ 8.)  Chief Lindley disputes

14   the accuracy of Plaintiffs allegations, but accepts them as true for purposes of this Motion.

15                              **APPLICABLE LEGAL STANDARD**

16         Rule 12(b)(1) allows a party to raise the defense that a court lacks jurisdiction over

17   the subject matter of a claim.  "A motion to dismiss for lack of subject matter jurisdiction

18   may either attack the allegations of the complaint or may be made as a 'speaking motion'

19   attacking the existence of subject matter jurisdiction in fact."  *Thornhill Publ'g Co. v. Gen.*

20   *Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979).  The instant Rule 12(b)(1) motion

21   attacks the allegations of the complaint, so the district court must accept the allegations of

22   the complaint as true.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

23   1994).  But the burden of proof on a Rule 12(b)(1) motion is on the party seeking to

24   invoke the court's subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

25   511 U.S. 375, 377 (1944); *Thornhill*, 594 F.2d at 733.

26

27

28         [2]  All citations using only the paragraph symbol are to the Complaint filed July 16, 2010.

**ARGUMENT**

**I.     PLAINTIFFS HAVE NOT ALLEGED A RIPE CONTROVERSY.**

A district court's role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.  In their complaint, Plaintiffs allege that AB 962 will have a host of unconstitutional effects, but the act does not even go into effect until February 1, 2011.  Hence, the Court cannot know precisely how the law might apply to, or be enforced against, these Plaintiffs.  Because the allegations plead in the complaint are based on conjecture, speculation, and a misreading of AB 962, the issues presented are not ripe for adjudication by this Court.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in pertinent part that in "a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of any appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  The "actual controversy" requirement of section 2201 refers to the type of cases and controversies that are justiciable under Article III; i.e., cases involving a substantial controversy between parties having adverse interests of sufficient immediacy and reality.  *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 125-126 (2007).

The basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements."  *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985).  The central concern is to avoid making decisions that depend on uncertain or contingent future events that may not occur as anticipated, or may not occur at all.  *Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 2002).  Ripeness is, thus, a question of timing.  See *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974).

Plaintiffs seek to invalidate AB 962 in its entirety based on what they *predict* its effects will be, yet can offer no facts to show that events will unfold as they anticipate.  To

3

1   compound matters, Plaintiffs misrepresent how AB 962 will operate.[3]  The hypothetical

2   nature of this case is accentuated by the fact that the Penal Code provisions they challenge

3   have not been enforced and will not take effect for several months.  Until AB 962 is

4   operational, there is no way to know how the law will actually be enforced, or what its

5   effects might be on plaintiffs and others.  See *Toilet Goods Ass'n v. Gardner*, 387 U.S.

6   158, 164 (1967) (pre-enforcement dispute not ripe where regulation's impact could not

7   "be said to be felt immediately by those subject to it in conducting their day-to-day

8   affairs").

9        Ripeness also requires a threat of imminent harm.  Neither the mere existence of a

10  proscriptive statute nor a generalized threat of prosecution satisfies the "case or

11  controversy" requirement.  *San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121,

12  1126-27 (9th Cir. 1996).  Here, Plaintiffs cannot even allege a generalized threat of

13  prosecution or enforcement because the act remains dormant.  And while Plaintiffs allege

14  that "residents of California will now be unable to purchase ammunition from out-of-state

15  sellers, and will be forced to personally travel to some location just to buy ammunition

16  subject to lack of stock, lack of product availability, and inflated prices" (¶ 32), and that

17  "out of state vendors will simply refuse to sell or ship [ammunition] to California

18  residents" (¶ 33), these are predictive factual and legal conclusions, not allegations that

19  the Court must accept as true.  As the court in *San Diego Gun Rights Comm'n* said:

20          A concrete factual situation is necessary to delineate the boundaries of what
            conduct the government may or may not regulate. . . .  As we have previously
21          observed, "the District Court should not be forced to decide ... constitutional
            questions in a vacuum."  At this point, a decision on the merits of plaintiffs'
22          constitutional claims would be devoid of any factual context whatsoever.
            Neither the district court nor this court can "be umpire to debates concerning
23          harmless, empty shadows."

24

25          [3]  For instance, Plaintiffs allege that under AB 962, "residents of California will now be
26   unable to purchase ammunition from out-of-state sellers."  (¶ 32.)  This is false – individuals in
     California will still be able to purchase handgun ammunition from out-of-state sellers.  AB 962
27   simply will require that the transaction be completed face-to-face. Cal. Penal Code § 12318
     ("Commencing February 1, 2011, the delivery or transfer of ownership of handgun ammunition
28   may only occur in a face-to-face transaction.").

4

1    *Id.* at 1132-33 (citations omitted).  For the same reasons, the Court should decline to

2    adjudicate Plaintiffs' indefinite claims of injury and unconstitutionality in the absence of a

3    ripe dispute.[4]

4    **II.    STEVEN LINDLEY, IN HIS OFFICIAL CAPACITY AS AN ACTING BUREAU
          CHIEF FOR THE CALIFORNIA DEPARTMENT OF JUSTICE, IS IMMUNE FROM
5          SUIT IN FEDERAL COURT UNDER THE ELEVENTH AMENDMENT.**

6         The Eleventh Amendment bars suits against a state or its instrumentalities in federal

7    court, irrespective of the nature of the relief requested, in the absence of consent by the

8    state or an abrogation of that immunity by Congress.  *Papasan v. Allain*, 478 U.S. 265,

9    276-77 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

10   Section 1983 does not abrogate a state's Eleventh Amendment immunity.  *Quern v.*

11   *Jordan*, 440 U.S. 332, 341 (1979).  Nor has the State of California waived its immunity

12   with respect to claims brought under section 1983 in federal court.  *Atascadero State*

13   *Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

14        "The Eleventh Amendment [also] bars a suit against state officials when 'the state is

15   the real, substantial party in interest.'"  *Pennhurst*, 465 U.S. at 101; *see Almond Hill Sch.*

16   *v. U.S. Dep't of Agric.*, 768 F.2d 1030, 1033 (9th Cir. 1985).  The "general rule is that

17   relief sought nominally against an officer is in fact against the sovereign if the decree

18   would operate against the latter."  *Pennhurst*, 465 U.S. at 101.  "[A]s when the State itself

19   is named as the defendant, a suit against state officials that is in fact a suit against a State

20   is barred regardless of whether it seeks damages or injunctive relief."  *Id*. at 101-02.

21        The Supreme Court recognized a limited exception to Eleventh Amendment

22   immunity in *Ex Parte Young*, 209 U.S. 123 (1908).  The *Ex Parte Young* exception allows

23   "suits for prospective declaratory and injunctive relief against state officers, sued in their

24   official capacities, to enjoin an alleged ongoing violation of federal law."  *Wilbur v.*

25

26        [4] Plaintiffs also cannot satisfy the prudential component of ripeness, under which courts
     examine the fitness of the issues for judicial decision and the hardship to the parties of
27   withholding court consideration.  *Thomas*, 220 F.3d at 1141.  Because of the statute's inchoate
     posture, Plaintiffs will experience no hardship if they are required to wait until after February
28   2011 to bring a challenge to the statute once its application is known.

5

1   *Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005).  But, for the *Ex Parte Young* exception to

2   apply "such officer must have some connection with the enforcement of the act, or else it

3   is merely making him a party as a representative of the State, and thereby attempting to

4   make the State a party."  *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998).  "This

5   connection must be fairly direct; a generalized duty to enforce state law or general

6   supervisory power over the persons responsible for enforcing the challenged provision

7   will not subject an official to suit."  *L.A. County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th

8   Cir. 1992).

9       Here, defendant Lindley is being sued for declaratory and injunctive relief in his

10  official capacity as the Acting Chief of the Department of Justice, Bureau of Firearms.

11  Plaintiffs allege that in this capacity he is "the individual currently charged with oversight

12  of the California State agency that will enforce the statute at issue."  (¶ 8.)  This

13  conclusory allegation is insufficient to defeat sovereign immunity.  Indeed, the Court may

14  disregard such unsupported factual conclusions.  *W. Mining Council v. Watt*, 643 F.2d

15  618,624 (9th Cir. 1981).  A close reading of the complaint reveals no specific allegations

16  whatsoever regarding the Department of Justice's enforcement role.  That is because the

17  Legislature did not give the agency any special role in administering or enforcing AB 962

18  – *any* law enforcement officer in California may enforce its provisions once it goes into

19  effect.  This action against Chief Lindley, then, is based solely upon his "generalized duty

20  to enforce state law" and is the equivalent of a prohibited action against the State itself.

21      Dismissing Chief Lindley on Eleventh Amendment grounds is firmly supported by

22  Ninth Circuit authority, including the case of *Long v. Van de Kamp,* 961 F.2d 151 (9th

23  Cir. 1992).  *Long* arose from warrantless surprise searches of a motorcycle repair shop by

24  deputy sheriffs and members of the California Highway Patrol pursuant to a provision in

25  the California Vehicle Code that authorized such searches.  *Long v. Van de Kamp*, 772 F.

26  Supp. 1141, 1142 (C.D. Cal. 1991).[5]  One of the operators of the repair shop was arrested

27

28      [5]  While the court of appeals vacated the trial court's order in *Long*, the Ninth Circuit's
    published decision incorporates by reference the facts of the case.  *See Long*, 961 F.2d at 152.

1   during a search. *Long*, 772 F. Supp. at 1142-43. The operators filed suit challenging the

2   constitutionality of the Vehicle Code provision. *Id*. at 1143. The operators named the

3   Attorney General and sought to enjoin him from enforcing the statute. *Id*.

4       In directing the district court to dismiss the Attorney General on Eleventh

5   Amendment grounds, the Ninth Circuit stated that "there must be a connection between

6   the official sued and enforcement of the allegedly unconstitutional statute, and there must

7   be a threat of enforcement." *Long*, 961 F.2d at 152. The Ninth Circuit found that the

8   "general supervisory powers of the California Attorney General" did not establish the

9   connection with enforcement required by *Ex Parte Young*. *Id*. (citing *S. Pac. Transp. Co.

10  v. Brown*, 651 F.2d 613, 614 (9th Cir. 1981) (as amended)).[6] There also was no threat that

11  the Vehicle Code provision would be enforced by the Attorney General, who "ha[d] not in

12  any way indicated that he intend[ed] to enforce [the provision]." *Id*. "In addition, the

13  searches of plaintiffs' premises were not the result of any action attributable or traceable

14  to the Attorney General." *Id*. The Ninth Circuit held that "[a]bsent a *real likelihood* that

15  the state official will employ his supervisory powers against plaintiffs' interests, the

16  Eleventh Amendment bars federal court jurisdiction." *Id*. (emphasis added).

17      The circumstances here are analogous to those in *Long*. Plaintiffs' complaint alleges

18  no "direct connection" between Chief Lindley and the enforcement of AB 962. His

19  general duty to enforce California law is insufficient to establish the requisite connection.

20  Perhaps more importantly, there is no threat of enforcement. The vague allegation that

21  Chief Lindley "will enforce the statute at issue" is insufficient to establish a "real

22  likelihood" that Chief Lindley will employ his general powers to enforce AB 962 against

23  Plaintiffs. *Long*, 961 F.2d at 152. Accordingly, the *Ex Parte Young* exception does not

24  apply in this case. *See Long*, 961 F.2d at 152; *see also Snoeck*, 153 F.3d at 987 ("As *Ex*

25  ――――――――――――――――――
        [6] In *Southern Pacific Transp. Co.*, several railroads sued the Oregon Attorney General to
26  enjoin enforcement of a statute limiting employers' abilities to negotiate settlements with
    employees injured on the job. *S. Pac. Transp. Co.*, 651 F.2d at 614. The Ninth Circuit held that
27  "[t]he attorney general's power to direct and advise [district attorneys] does not make the alleged
    injury fairly traceable to his action, nor does it establish sufficient connection with enforcement to
28  satisfy *Ex parte Young*." *Id*. at 615.

1    *Parte Young* explains, the officers of the state must be cloaked with a duty to enforce the

2    laws of the state and must threaten or be about to commence civil or criminal proceedings

3    to enforce an unconstitutional act").  For these reasons, Chief Lindley respectfully

4    requests that the Court grant this motion.

5    **III.  IF THE COURT DOES NOT DISMISS THE COMPLAINT IN ITS ENTIRETY, IT
         SHOULD STAY THE ACTION PENDING RESOLUTION OF *PARKER V. STATE OF*

6       *CALIFORNIA, ET AL.***

7         If the Court does not dismiss this action on one of the grounds discussed above, it

8    should stay the matter pending a decision in the related case of *Parker v. State of*

9    *California, et al.*, Superior Court of California, County of Fresno, Case No.

10   10CECG02116 (filed 6/17/2010).[7]  Like this case, *Parker* involves a constitutional

11   challenge to AB 962.  Specifically, the plaintiffs in *Parker*, like Plaintiffs here, allege that

12   several sections of AB 962 are unconstitutionally vague.  A stay is appropriate to allow

13   the Superior Court to adjudicate these claims of vagueness.

14        A district court has the discretionary power to control the disposition of the cases on

15   its docket "in a manner which will promote economy of time and effort for itself, for

16   counsel, and for the litigants."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); see

17   *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  How these objectives can be achieved

18   "calls for the exercise of judgment, which must weigh competing interests and maintain

19   an even balance."  *Landis*, 299 U.S. at 254-55; see *Lockyer v. Miran Corp.*, 398 F.3d

20   1098, 1110 (9th Cir. 2005) ("Where it is proposed that a pending proceeding be stayed,

21   the competing interests which will be affected by the granting or refusal to grant a stay

22   must be weighed.").  Such competing interests include "the possible damage which may

23   result from the granting of a stay, the hardship or inequity which a party may suffer in

24   being required to go forward, and the orderly course of justice measured in terms of the

25   simplifying or complicating of issues, proof, and questions of law which could be

26   expected to result from a stay."  *CMAX*, 300 F.2d at 268.

27

28        [7] The complaint in *Parker* is attached as Exhibit "A" to Defendant's Request for Judicial
     Notice, which is lodged concurrently with this motion.

8

1    "A trial court may, with propriety, find it is efficient for its own docket and the

2    fairest course for the parties to enter a stay of an action before it, pending resolution of

3    independent proceedings which bear upon the case." *Lockyer*, 398 F.3d at 1111 (quoting

4    *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); see *Landis*,

5    299 U.S. at 255 (rejecting as "too mechanical and narrow" the view that there is no power

6    to stay a proceeding upon the outcome of a controversy to which the litigant is a stranger).

7    These separate proceedings may be judicial, administrative, or arbitral in nature, and

8    proper imposition of a stay does not require that the issues in such separate proceedings

9    are necessarily controlling of the action before the court.  *Id.*  However, "[a] stay should

10   not be granted unless it appears likely the other proceedings will be concluded within a

11   reasonable time in relation to the urgency of the claims presented to the court."  *Id.*

12       There is considerable overlap between the issues raised in this case and those raised

13   in *Parker*.  Plaintiffs here devote a substantial portion of their complaint to allegations

14   concerning AB 962's purported vagueness, particularly the definition of "handgun

15   ammunition."  (See ¶¶ 11, 13, 18, 23, & 33.)  That issue is pivotal in *Parker*.  (See

16   Request for Judicial Notice, Exh. "A" [*Parker* complaint], ¶¶ 88-103.)  If plaintiffs'

17   vagueness challenge in *Parker* is successful, AB 962 likely will be invalidated and this

18   action could become moot.  At a minimum, the Superior Court's judgment in *Parker* will

19   provide crucial direction to this Court in its analysis of the issues presented in this case.

20       A stay is especially appropriate here in light of the jurisdictional concerns identified

21   above, as well as principles of federalism and comity implicated when a federal court is

22   asked to invalidate new state legislation.  See *Stefanelli v. Minard*, 342 U.S. 117, 120

23   (1951) (in exercising their equitable powers federal courts must recognize "[t]he special

24   delicacy of the adjustment to be preserved between federal equitable power and State

25   administration of its own law").

26       Finally, Plaintiffs will not be prejudiced by a stay pending a decision in *Parker*

27   because that case already is at issue, a preliminary injunction motion is set for hearing on

28   October 28, 2010, and a motion for summary judgment is calendared for December 16,

1   2010.  (Krause Decl., ¶ 3.)  Hence, those proceedings should be concluded almost *two*

2   *months* before the laws challenged here will even go into effect.  To promote judicial

3   economy, and to avoid the needless construction of state statutes, the State respectfully

4   requests a stay of these proceedings pending a decision in *Parker v. State of California.*

5                                   **CONCLUSION**

6          For all the foregoing reasons, the State respectfully requests that the Court issue an

7   order dismissing the complaint and, if necessary, staying the action pending a decision in

8   the matter of *Parker v. State of California, et al.*

9   Dated:  September 20, 2010                    Respectfully Submitted,

10                                                EDMUND G. BROWN JR.
                                                  Attorney General of California
11                                                JONATHAN K. RENNER
                                                  Senior Assistant Attorney General
12

13                                                /s/  Peter A. Krause

14                                                PETER A. KRAUSE
                                                  Deputy Attorney General
15                                                *Attorneys for Defendant Steven Lindley,*
                                                  *in his official capacity as Acting Chief of*
                                                  *the California Department Of Justice*
16   SA2010102125
     10614868.doc
17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PETER A. KRAUSE

I, Peter A. Krause, declare as follows:

1.    I am an attorney at law duly licensed to practice in the State of California.  I am a Deputy Attorney General in the Office of the Attorney General, counsel for defendant Steven Lindley, in his official capacity as Acting Chief of the California Department Of Justice.  This declaration is submitted in support of the State's Motion to Dismiss or, in the Alternative, to Stay the Action.  I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2.    I also am counsel to defendants the State of California, Edmund G. Brown Jr. (in his capacity as Attorney General of the State of California), and the California Department of Justice in *Parker v. State of California, et al.*, Superior Court of California, County of Fresno, Case No. 10CECG02116 (June 17, 2010), the complaint in which is the subject of a Request for Judicial Notice lodged concurrently herewith.

3.    The *Parker* matter is at issue and the plaintiffs in that case filed a preliminary injunction motion on September 7, 2010 that is set for hearing on October 28, 2010.  The plaintiffs also have calendared a motion for summary judgment for hearing on December 16, 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2010 at Sacramento, California.

/s/ *Peter A. Krause*

_____

Peter A. Krause

11