EDMUND G. BROWN JR., State Bar No. 37100
Attorney General of California
ZACKERY P. MORAZZINI, State Bar No. 204237
Supervising Deputy Attorney General
PETER A. KRAUSE, State Bar No. 185098
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5328
 Fax: (916) 324-8835
 E-mail: Peter.Krause@doj.ca.gov
*Attorneys for Defendant Steven Lindley, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE AMMUNITION INC., dba www.stateammo.com; JIM OTTEN, dba www.a1ammo.com, and JIM RUSSELL USMC (Ret.),**<br><br>                                Plaintiffs,<br><br>     v.<br><br>**STEVEN LINDLEY, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms, and DOES 1 through 10,**<br><br>                                Defendants. | Case No. 10-cv-01864 -MCE-KJN<br><br>**JOINT RULE 26 STATUS REPORT**<br><br>Action Filed: July 16, 2010 |

1

**JOINT RULE 26 STATUS REPORT**

Plaintiffs State Ammunition Inc. dba www.stateammo.com, Jim Otten dba www.a1ammo.com, and Jim Russell USMC (Ret.) (collectively, "Plaintiffs"), and defendant Steven Lindley, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms, through their respective counsel of record, hereby submit this joint status report.

1. **A Brief Summary of the Claims:**

Plaintiffs allege in their complaint that AB 962 violates the Commerce Clause because it discriminates against ammunition sellers and purchasers outside of California by purportedly banning sales other than those completed in face-to-face transactions. They also allege that under AB 962, residents of California are prohibited from purchasing ammunition from out-of-state sellers online or by mail-order, and sellers in California are prohibited from selling ammunition online or by mail-order to purchasers outside of California. Plaintiffs further allege AB 962 violates Due Process and Equal Protection under the Fourteenth Amendment because: (1) AB 962 explicitly discriminates between California and out-of-state residents; (2) the definition of "handgun ammunition" is unconstitutionally vague; and (3) AB 962 is impossible to comply with. Finally, Plaintiffs allege that AB 962 generally violates the Second Amendment and cannot survive the strict scrutiny analysis which they contend the courts must apply to laws that infringe upon individual and fundamental rights.

Defendant Lindley maintains that AB 962 is constitutional and has moved to dismiss the complaint on the grounds that Plaintiffs' claims are unripe and that the action is barred by sovereign immunity. If the action is not dismissed in its entirety, Defendant has asked the Court to stay the action to allow a related state court case to proceed to judgment

2. **Status of Service Upon All Defendants;**
Defendant has been served and is represented by counsel.

3. **Possible Joinder of Additional Parties;**

None anticipated at this time.

4. **Contemplated Amendments to the Pleadings;**

None anticipated at this time.

5. **The basis for jurisdiction and venue;**

Plaintiffs allege that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 2201, 2202 and 42 U.S.C. §1983 and Venue lies in this Court pursuant to 28 U.S.C. § 1391.

6. **Anticipated discovery and the scheduling of discovery, including what changes, if any, should be made in the timing, form, or requirement for disclosures under rule 26(a), including a statement of when disclosures under Rule 26(a)(1), where made or will be made.**

Defendant Lindley has not answered and currently has pending a Motion to Dismiss to be heard on November 18, 2010.  As such, the parties request that the time for initial disclosures be set for a date two weeks after the case is at issue.

7. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases.**

Discovery will be completed by March 23, 2012.  The parties will likely conduct discovery on the topic of Assembly Bill 962, the implementation of the requirements imposed by Assembly Bill 962, and the meaning behind the terms used in Assembly Bill 962.

8. **What changes, if any, should be made in the limitations on discovery imposed under Civil Rules and what other limitations, if any, should be imposed.**

None.

9. **The timing of the disclosure of expert witnesses and information required by 26(a)(2).**

Parties will make their expert disclosures on or before December 9, 2012. Expert rebuttal reports will be due March 2, 2012.

10. **The proposed dates for discovery cut-off.**

Proposed discovery cut-off date: March 23, 2012.

11. **Proposed date by which all non-discovery motions shall be filed.**

Non-discovery motions filing deadline: April 6, 2012.

12. **Proposed dates for final pretrial conference, and trial.**

Proposed final pretrial conference date: August 3, 2012; Proposed Trial Date August 31, 2012.

13. **Estimated of days of trial, and whether any party has demanded a jury trial.**

The parties estimate that this case will require 7 trial days. Defendant Lindley has waived jury trial.

14. **Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c).**

The parties are unwilling to try the matter before a magistrate judge. There is no foreseeable need for a special master.

15. **Proposed modification of standard pretrial procedures due to the special nature of the case.**

None.

16.     **Whether the case is related to any other case, including any matter involving bankruptcy.**

The case is related to *Owner-Operator Independent Drivers Association v. Lindley*, United States District Court, Eastern District of California Case No. 10-CV-02010 -MCE-KJN.

17.     **Prospects for settlement, including whether a settlement conference should be scheduled.**

Proposed date for a settlement conference in or about January 2012.

18.     **Any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.**

The parties are willing to waive any disqualification and stipulate to the trial judge acting as a settlement judge and anticipate that the parties will file an ESI protocol and a protective order to govern discovery in this case.

Dated:  November 10, 2010                              Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California
ZACKERY P. MORAZZINI
Supervising Deputy Attorney General

/s/  Peter A. Krause

PETER A. KRAUSE
Deputy Attorney General
*Attorneys for Defendant Steven Lindley, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms*

| | | |
|---|---|---|
| 1 | Dated: November 10, 2010 | CHAFFIN LAW OFFICE |
| 2 | | |
| 3 | | /s/ Kevin D. Chaffin<br>(as authorized on November 10, 2010) |
| 4 | | |
| 5 | | KEVIN D. CHAFFIN<br>*Attorney for Plaintiffs State Ammunition Inc., dba www.stateammo.com; Jim Otten, dba www.a1ammo.com, and Jim Russell USMC (Ret.)* |
| 6 | | |
| 7 | | |
| 8 | SA2010102122<br>10630141.doc | |