UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STATE AMMUNITION INC., et al.,        No. 2:10-cv-01864 MCE-KJN

        Plaintiffs,

  v.                                    ORDER

STEVEN LINDLEY, in his official
capacity as Acting Chief of the
California Department of
Justice, Bureau of Firearms,

        Defendant.

----oo0oo----

Plaintiffs State Ammunition Inc., dba www.stateammo.com, Jim Otten, dba www.a1ammo.com, and Jim Russel, Retired United States Marine Corp. ("Plaintiffs") seek redress from Defendant Steven Lindley, in his official capacity as Acting Chief of the California Department of Justice, Bureau of Firearms ("Defendant") from California Assembly Bill 962. Namely, specific provisions of the bill, effective February 1, 2011, will make it a misdemeanor in California to sell, deliver, or transfer handgun ammunition in any manner that is not a face-to-face transaction.

1  Plaintiffs contest other portions of the bill, also not in effect
2  until February 2011.  Plaintiffs are either sellers or consumers
3  of ammunition available online and sold throughout the United
4  States.  They argue that the new provisions violate interstate
5  commerce, equal protection and due process protections, as well
6  as the United States Constitution's Second Amendment granting
7  Americans the right to bear arms (and by extension bear
8  ammunition).  Defendant contends that Plaintiffs' claims are
9  speculative since the provisions at issue are not yet in effect,
10 and thus not ripe for review.
11     The Supreme Court has consistently held that the ripeness
12 doctrine aims "to prevent the courts, through premature
13 adjudication, from entangling themselves in abstract
14 disagreements."  <u>Thomas v. Union Carbide Agric. Prod. Co.</u>,
15 473 U.S. 568, 580 (1985) (citing <u>Abbott Lab. v. Gardner</u>, 387 U.S.
16 136, 148 (1967)).  Thus, questions about ripeness become "a
17 question of timing."  <u>Id.</u>
18     The Declaratory Judgment Act authorizes federal courts to
19 declare rights and other legal relationships in a "case of actual
20 controversy within its jurisdiction."  28 U.S.C. § 2201(a).  For
21 a declaratory judgment to be issued, the claim must be
22 constitutionally ripe, that is the facts demonstrate there is a
23 controversy "of sufficient immediacy and reality."  <u>Educational</u>
24 <u>Credit Mgmt. Corp. v. Coleman (In re Coleman)</u>, 560 F.3d 1000,
25 1005 (9th Cir. 2009).
26 ///
27 ///
28 ///

1    Plaintiffs' claims are not ripe for review.  They cannot
2 demonstrate any current harm or a sufficiently immediate concern.
3 No one can yet anticipate how California's bill will affect
4 Plaintiffs and/or their business.  No case or controversy exists
5 at this time.[1]  Therefore, Plaintiffs' case is DISMISSED without
6 prejudice, and Defendant's Motion to Dismiss (ECF No. 11) is
7 DENIED as moot.[2]

8    IT IS SO ORDERED.

9 Dated: December 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to examine any additional arguments made by Plaintiffs at this stage of litigation.

[2] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

3